**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Ann T. Palmer,

          Plaintiff/Counterdefendant,

v.

Todd H. Franks, *et al.*,

          Defendants/Counterclaimants

No. CV-14-02414-PHX-SMM

**ORDER**

    Pending before the Court are Plaintiff Ann Palmer's ("Palmer") Motion and Memorandum of Law in Support of Plaintiff/Counterclaimant's Rule 12(b)(1) Motion to Dismiss and rule (12(e) Motion for  a More Definite Statement and Defendants' Todd Franks, Nancy L.R. Bodinet, and Franks, Houser & McVey, P.C. ("Defendants") Opposition to Plaintiff's Counterdefendant's Rule 12(b)(1) Motion to Dismiss and Motion for more Definite Statement and Cross-Motion to Remand. (Docs. 16; 24.) The parties have responded and the motions are fully briefed. (Docs. 25; 28.) Having reviewed the parties' briefing, the Court will grant Palmer's motion in part and dismiss Defendants' counterclaims.

## BACKGROUND

    Palmer, Defendant's former employee,  originally brought a complaint in Arizona state court against Defendants under the Fair Labor Standards Act (FLSA).  Defendants removed the action to this Court and, after a failed mediation, filed an answer alleging a number of state law counterclaims, including: breach of contract, trespass, conversion,

misappropriation, violation of the Arizona Uniform Trade Secrets Act, spoliation, vandalism, and breach of the duty of loyalty.  (Docs. 1; 12.) The parties subsequently settled the original FLSA claim. The counterclaims remain in dispute.

## STANDARD OF REVIEW

Under 28 U.S.C.A. § 1367(a), "district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Nonetheless, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if… the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(d).  The Ninth Circuit has not ruled on whether the nexus between an FLSA unpaid overtime claim and state law counterclaims is sufficient to find a "common nucleus of operative fact," as is required under 1367(a). United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). However, other circuits addressing this issue found that a prior employment relationship is insufficient to support supplemental jurisdiction over state law counterclaims brought in FLSA cases. See Lyon v. Whisman, 45 F.3d 758, 763 (3d Cir. 1995) (employment link insufficient to trigger supplemental jurisdiction over state law claims that have nothing to do with unpaid overtime); Wilhelm v. TLC Lawn Care, Inc., No. CIV.A. 07-2465-KHV, 2008 WL 640733 (D. Kan. Mar. 6, 2008) (no common nucleus of operative fact between FLSA unpaid overtime claim and state law tort counterclaims).

## DISCUSSION

Palmer argues that the counterclaims should be dismissed under alternative theories: (1) lack of nexus between the dismissed FLSA claim and Defendant's counterclaims; and (2) the Court's authority is discretionary. (Doc. 16 at 2.)  Defendants, regardless of the supplemental jurisdiction question, argue that dismissal would be inappropriate and that the counterclaims should instead be remanded to state court because this district, among others, have done so in similar circumstances.

1    The Court finds an insufficient nexus between Palmer's original FLSA claim and

2    Franks' state law cotunerclaims and therefore will dismiss the remaining counterclaims.

3    As described above,   the employment link, standing alone, is insufficient to trigger

4    supplemental jurisdiction over state law claims that are unrelated to the underlying FLSA

5    claim. See Lyon v. Whisman, 45 F.3d 758, 763 (3d Cir. 1995); Wilhelm v. TLC Lawn

6    Care, Inc., No. CIV.A. 07-2465-KHV, 2008 WL 640733 (D. Kan. Mar. 6, 2008).  The

7    eight filed counterclaims simply do not share the requisite "common nucleus of operative

8    fact" with the original unpaid overtime claim. Gibbs, 383 U.S. at 725.

9    Moreover, even if the Court found that grounds for supplemental jurisdiction

10   existed, denial would still be proper. See 28 U.S.C.A. § 1367(c) (supplemental

11   jurisdiction is discretionary when the court dismisses all claims over which it had original

12   jurisdiction); see also Gibbs, 383 U.S. at 726 (instructing that state law claims should be

13   dismissed if federal claims are dismissed before trial). The Court therefore declines to

14   exercise supplemental jurisdiction over Defendant's counterclaims and will dismiss the

15   action.

16                                   **Conclusion**

17   In light of the Court's findings, judgment in favor of   Palmer is proper.

18   Accordingly,

19   **IT IS HEREBY ORDERED granting in part** Palmer's Motion to Dismiss

20   Defendant's/Counterclaimants' Counterclaims and for a More Definite Statement. (Doc.

21   16.)  The counterclaims are dismissed without prejudice.

22   **IT IS FURTHER ORDERED denying in part** Palmer's Motion to Dismiss

23   Defendant's/Counterclaimants' Counterclaims and for a More Definite Statement. (Doc.

24   16.)  Defendants need not file a more definite statement as that issue is now moot.

25   **IT IS FURTHER ORDERED denying** Defendants' Motion in Opposition. (Doc.

26   24.) The counterclaims will not be remanded to state court.  Defendants may refile the

27   counterclaims in state court. Time will be tolled for six months pursuant to 28 U.S.C.A. §

28   ///

1   1376(d) and A.R.S. § 12-504(A).

2           Dated this 22nd day of September, 2015.

3

4

5                                           Honorable Stephen M. McNamee

6                                           Senior United States District Judge

- 4 -